IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| SUSAN S. BRICKER § | |
| § | |
| VS. § | |
| § | Civil Action No. _____ |
| § | |
| GREAT AMERICAN LIFE INSURANCE § | |
| COMPANY § | |

# PLAINTIFF'S ORIGINAL COMPLAINT AND PETITION FOR DECLARATORY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES SUSAN S. BRICKER, Plaintiff, and files her Original Complaint and Petition for Declaratory Judgment against Defendant Great American Life Insurance Company ("Great American"), and in support thereof, would respectfully show the Court as follows:

## I.
## PARTIES AND SERVICE

1. Plaintiff, Susan Bricker, is an individual who is a citizen of the State of Texas.

2. Defendant, Great American Life Insurance Company, is a corporation that is incorporated under the laws of the State of Ohio, and may be served with process by serving its designated agent for service of process, C T Corporation System, in Dallas County at 1999 Bryan Street, Suite 900, Dallas Texas 75201.

## II.
## JURISDICTION

3. The Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because Plaintiff and Defendant are citizens of different U.S. states, and the amount in controversy exceeds $75,000, excluding interest and costs. Specifically, Plaintiff is a citizen of the State of

Texas. Defendant is a corporation that is incorporated by the State of Ohio, and which has its principal place of business in the State of Ohio. Further, this lawsuit is brought to recover a sum of money pursuant to an annuity contract, which sum exceeds $75,000.

### III.
### VENUE

4. Venue is proper in this Court under 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district. Specifically, Plaintiff is a resident of Tarrant County, Texas. She is the sole named beneficiary of an annuity contract between Defendant and Plaintiff's mother, Anne B. Spyridon. The annuity contract provides a death benefit to named beneficiaries upon the death of the annuitant. Ms. Spyridon died in January 2015, and for approximately seventeen years prior to her death, she resided with Plaintiff at Plaintiff's residence in Tarrant County, Texas. Following Ms. Spyridon's death in Tarrant County, Plaintiff, from her residence in Tarrant County, Texas, made a claim with Defendant for the annuity's death benefit. Defendant sent correspondence to her residence in Tarrant County, Texas, providing claim forms she needed to complete in order to receive the death benefit. From her residence in Tarrant County, Texas, Plaintiff completed those claim forms and sent them back to Defendant. Further, Defendant delivered notice to Plaintiff's residence that it was declining to pay her the death benefit.

### IV.
### CONDITIONS PRECEDENT

5. All conditions precedent to Plaintiff's claim for relief have been performed or have occurred.

## V.
## BACKGROUND FACTS

6.   Plaintiff brings this declaratory action to determine who is entitled to the death benefit, and in what proportion, provided in an annuity contract. Plaintiff is the daughter and David K. Spyridon is the son of Anne B. Spyridon, who on January 15, 2015, died as the result of Influenza and complications from acute renal failure.

7.   In 2006, Anne Spyridon entered into an annuity contract, policy number 1195002296, ("Annuity") with Defendant Great American. The annuity included a death benefit, which was to be made payable to Anne Spyridon's designated beneficiaries upon her death.

8.   Under the terms of the annuity, Anne Spyridon had the right to make or change a designation of beneficiary at any time before the date of the contract anniversary following her 95th birthday, which date is July 31, 2016. (See Exhibit A, at Bricker0017; Bricker0030-0031). On information and belief, in 2006, Anne Spyridon designated both Plaintiff and David K. Spyridon as beneficiaries to the annuity.

9.   In August 2014, Anne Spyridon executed before a notary, paperwork revoking all prior designations of beneficiaries and naming Plaintiff as sole beneficiary. (See Exhibit B). She delivered that paperwork to Defendant Great American, who acknowledged the beneficiary change on September 5, 2014. (See Exhibit C).

10.   Following Anne Spyridon's death, Plaintiff received a letter from Great American dated January 28, 2015, stating that she was the beneficiary of record. (See Exhibit D). That letter stated that Plaintiff could make a claim for the death benefit by providing an Original Certified Death Certificate and a completed Claimant Statement & Election Request Form ("Claim Form"). (See Exhibit D). Plaintiff sent these items to Great American as requested.

11.     Plaintiff has learned that David K. Spyridon, through his counsel, wrote a letter to Defendant Great American requesting that it investigate the circumstances of Anne Spyridon's August 2014 revocation and designation of beneficiaries. Thereafter, on February 5, 2015, Defendant Great American sent notice to Plaintiff that it was declining to pay Plaintiff the death benefit provided by the annuity, to which she is entitled as sole beneficiary, unless it received (1) written consent from all contesting parties or (2) a court order determining the person(s) entitled to receive the proceeds. (See Exhibit E).

## VI.
## SUIT FOR DECLARATORY RELIEF

12.     Pursuant to the Declaratory Judgments Act, in a case of actual controversy within its jurisdiction (with exceptions not applicable here), any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. 28 U.S.C. §2201(a).

13.     Plaintiff is an interested person under the annuity in that she is the designated beneficiary. Defendant has declined to pay her the death benefit to which she is entitled. As such, Plaintiff seeks a declaration that (1) she is the sole beneficiary under the annuity; and (2) she is entitled to one-hundred percent (100%) of the death benefit proceeds provided by the annuity.

## VII.
## JURY DEMAND

14.     Plaintiff requests a trial by jury for all issues triable to a jury.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein; that the Court declare that Plaintiff is the sole beneficiary under the annuity; that the Court declare that Plaintiff is entitled to one-hundred percent (100%) of the

death benefit proceeds provided by the annuity; and that Plaintiff have and recover her reasonable and necessary attorney's fees; costs of court; and for such other and further legal or equitable relief to which Plaintiff may show herself to be justly and legally entitled.

        Respectfully submitted,

        **BLAIES & HIGHTOWER, L.L.P.**
        421 W. Third Street, Suite 900
        Fort Worth, Texas 76102
        (817) 334-0800
        (817) 334-0574 (fax)

By: _/s/ Wesley M. Hightower_
        WESLEY M. HIGHTOWER
        State Bar No. 09618200
        weshightower@bhilaw.com

        JONATHAN A. CONE
        State Bar No. 24078363
        jcone@bhilaw.com